JOHNSON & JOHNSON–MERCK
CONSUMER PHARMACEUTI-
CALS CO., Plaintiff–Appellee,

v.

THE PROCTER & GAMBLE
COMPANY, Defendant–
Appellant.

No. 03–7951(L), 03–9009(CON).

United States Court of Appeals,
Second Circuit.

Dec. 16, 2003.

Richard I. Werder, Jr., Jones Day, New York, N.Y. (Theresa M. Gillis), for Appellant, of counsel.

Steven A. Zalesin, Patterson, Belknap, Webb & Tyler LLP, New York, N.Y. (Kathryn A. Meisel, Johnson & Johnson), for Appellee, of counsel.

PRESENT: WALKER, Chief Judge, JACOBS, and STRAUB, Circuit Judges.

*SUMMARY ORDER*

Defendant–Appellant Procter & Gamble Company ("P & G") appeals from the order of the United States District Court for the Southern District of New York (John E. Sprizzo, *Judge*) granting the motion of Plaintiff–Appellee Johnson & Johnson–Merck Consumer Pharmaceutical Company ("J & J–Merck") for a preliminary injunction enjoining P & G's alleged false advertising under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). *See Johnson & Johnson–Merck Consumer Pharm. Co. v. Procter & Gamble Co.*, 285 F.Supp.2d 389, 390 (S.D.N.Y.2003). On October 21, 2003, this Court stayed enforcement of paragraph 2 of the District Court's September

19, 2003 order for purposes of appellate review. Familiarity is assumed as to the facts of this case, its procedural context, and the issues that were raised on appeal.

We review a preliminary injunction "for abuse of discretion, which occurs when the district court relies upon clearly erroneous findings of fact or on an error of law in issuing the injunction." *McNeilab, Inc. v. American Home Prods. Corp.*, 848 F.2d 34, 37 (2d Cir.1988) (internal quotation marks omitted). "A preliminary injunction may issue upon a showing of: (a) a risk of irreparable harm and (b) either (1) a likelihood of success on the merits or (2) the existence of sufficiently serious questions going to the merits to make them fair ground for litigation and a balance of hardships decidedly favoring the party seeking relief." *Id.*

To prevail on a false advertising claim, "a plaintiff must show that either: 1) the challenged advertisement is literally false, or 2) while the advertisement is literally true it is nevertheless likely to mislead or confuse consumers." *Johnson & Johnson–Merck Consumer Pharm. Co. v. Smithkline Beecham Corp.*, 960 F.2d 294, 297 (2d Cir.1992); *see also Nat'l Basketball Ass'n v. Motorola, Inc.* 105 F.3d 841, 855 (2d Cir.1997). This case solely concerns the first prong of this analysis, wherein "a court may enjoin an ad which is explicitly or literally false without reference to the advertisement's impact on the buying public." *Smithkline Beecham Consumer HealthCare, L.P. v. Johnson & Johnson–Merck Consumer Pharm. Co.*, 906 F.Supp. 178, 181 (S.D.N.Y.1995) (citing *McNeil–P.C.C., Inc. v. Bristol–Myers Squibb Co.*, 938 F.2d 1544, 1549 (2d Cir. 1991)) (internal quotation marks omitted).

The standard of review in false advertising cases is quite deferential. We have held that a "district judge's determination of the meaning of the advertisement [is] a finding of fact that shall not be aside un-less clearly erroneous." *S.C. Johnson & Son, Inc. v. Clorox Co.*, 241 F.3d 232, 237 (2d Cir.2001) (alteration in original; internal quotation marks omitted). Thus, we defer to a district judge's interpretation of the meaning of an advertisement and reverse only when we are "left with the definite and firm conviction that a mistake has been committed." *See Avis Rent A Car System, Inc. v. Hertz Corp.*, 782 F.2d 381, 384 (2d. Cir.1986) (internal quotation marks omitted).

The District Court found, with substantial support in the record, that a single pill of Prilosec OTC does not provide relief for a period of four to five hours after ingestion. Furthermore, the court rejected P & G's claim that, once effective, a single pill provides a full 24 hours of relief. *Johnson & Johnson–Merck Consumer Pharm. Co.*, 285 F.Supp.2d at 391–93. Based on these findings, the District Court found literally false the claims in P & G's advertising. Given the deference we afford to district court determinations of the meaning of an advertisement and the fact that an advertising claim can be made literally false not only by explicit statements but also by visual images and sounds, *see S.C. Johnson & Son*, 241 F.3d at 234–40, we do not find the District Court's interpretation of the meaning of P & G's advertisement to be clearly erroneous. *See Avis Rent A Car System, Inc.*, 782 F.2d at 383–85 (noting that the commercial and textual contexts of a challenged advertisement are relevant to a determination of literal falsity under the Lanham Act.) Therefore, we find that the District Court did not abuse its discretion in determining that there is a substantial question on the merits as to whether P & G advertisements were in violation of the Lanham Act and further find no abuse of discretion in the District Court's determination that the balance of hardships from the preliminary injunction tips decidedly in favor of J & J–Merck. Lastly, we vacate

the stay of enforcement of paragraph 2 of the District Court's September 19, 2003 order, as we do not consider this provision a mandatory injunction subject to a heightened standard for granting relief. *See generally Tom Doherty Assoc. v. Saban Entm't, Inc.*, 60 F.3d 27, 33–34 (2d Cir. 1995). We reiterate, however, as the District Court made clear, *see Johnson & Johnson–Merck Consumer Pharm. Co.*, 285 F.Supp.2d at 393 n. 3, that the factual determinations made in this case are tentative and subject to change if and when further evidence is introduced.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED and the stay of enforcement of the District Court's September 19, 2003 order is hereby VACATED.